# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PRINCIPAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.

RAYMOND CALLOWAY, et al.,

    Defendants.

Case No. 1:19-cv-00147-DAD-SKO

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PERMISSION TO SERVE DEFENDANT J.D. FLORENCE BY PUBLICATION

ORDER SETTING INITIAL SCHEDULING CONFERENCE

(Doc. 39)

## I. INTRODUCTION

Plaintiff filed this complaint in interpleader on February 1, 2019. (Doc. 1.) Since then, Plaintiff has experienced issues filing proof of service on certain Defendants, and only recently filed requests for entry of default or notices of voluntary dismissal as to the non-appearing Defendants. (*See* Docs. 18, 20, 24, 26, 27, 30, 31, 32, 33, 34, 35.) Plaintiff has still not served Defendant J.D. Florence, (*see* Doc. 35 at 2), and requests leave to serve Defendant J.D. Florence by publication, (Doc. 39). For the reasons stated below, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion.[1]

---

[1] Because the initial scheduling conference was continued several times due to the delay in all Defendants appearing, (*see* Docs. 13, 15, 21), and was vacated when the Court directed Plaintiff to show cause why sanctions should not be imposed for its failure to comply with Court orders, (*see* Doc. 24), the Court will also re-set the initial scheduling conference.

## II. LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, California's statute for service by publication will govern whether such service is proper in this action.

California Code of Civil Procedure § 415.50(a)(1) provides, in pertinent part, that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." California Government Code § 6060 requires that the summons be "published in a newspaper of general circulation for the period prescribed."[2]

Service by publication is appropriate only where, after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). However, service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant." *Watts*, 10 Cal. 4th at 749 n.5. "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and neither single formula nor mode of search can be said to constitute due diligence in every case.

---

[2] A "newspaper of general circulation" is a "newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, which has a bona fide subscription list of paying subscribers, and has been established . . . for at least one year preceding the date of the publication." Cal. Gov't Code § 6000.

2

*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137–38 (1996) (internal citations and quotations omitted). When attempting to effect personal service, a person attempting to effect service is not required to "exhaust all avenues of obtaining a current address" once he is informed that a defendant no longer lives at a residence. *Ellard v. Conway*, 94 Cal. App. 4th 540, 545 (2001).

### III. DISCUSSION

**A. Plaintiff's Motion Fails to Comply with Rule 4**

    **1. Plaintiff Has Not Established by Affidavit the Existence of a Valid Cause of Action Against J.D. Florence or that J.D. Florence is a Necessary or Proper Party.**

Under California law, "[f]or the purpose of service by publication, the existence of a cause of action is a jurisdictional fact." *Harris v. Cavasso*, 68 Cal.App.3d 723, 726 (1977). "The requesting party *must* submit an affidavit containing a statement of some fact that would be legal evidence that the cause of action exists for the court to have jurisdiction to order service by publication." *Integon Preferred Insurance Company v. Camacho*, No. 1:16-cv-01496-AWI-SAB, 2017 WL 1351704, at *2 (E.D. Cal. Mar. 24, 2017) (emphasis added) (citing *Harris*, 68 Cal.App.3d at 726)). "When jurisdiction is sought to be established by constructive service, the statutory conditions for such service must be strictly complied with or the judgment is subject to collateral attack." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 334 (1978). Thus, when applying for service by publication, the requesting party must attach an affidavit "containing a statement of facts to establish that a 'cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.'" *Integon*, 2017 WL 1351704, at *2 (quoting Cal. Code Civ. P. § 415.50(a)(1)).

Here, Plaintiff's motion contains very little information regarding Defendant J.D. Florence, aside from the fact that he is a named defendant in the complaint. (*See* Doc. 39.) This is insufficient to justify service by publication. *See Integon*, 2017 WL 1351704, at *2. Plaintiff must attach an

3

affidavit to the request for service by publication setting forth facts establishing a cause of action against Defendant J.D. Florence, or facts establishing that Defendant J.D. Florence is a necessary or proper party. *See id.* ("The affidavit filed in support of the motion for substitute service must contain independent evidentiary support in the form of a sworn statement of facts to support a cause of action against the defendant, and if it does not, the Court does not have jurisdiction to order service by publication.") (citing *Harris*, 68 Cal.App.3d at 726–27).[3]

### 2. Plaintiff Failed to Demonstrate Reasonable Diligence in Attempting Personal Service on Defendant J.D. Florence.

As stated above, "[b]efore allowing a plaintiff to resort to service by publication, the courts necessarily require [a plaintiff] to show exhaustive attempts to locate the defendant[.]" *Watts*, 10 Cal.4th at 749 n.5. The plaintiff has the burden of establishing "reasonable diligence" in attempting service by other methods. *Olvera*, 232 Cal.App.3d at 42.

Here, Plaintiff's motion contains no explanation of any attempts at service on Defendant J.D. Florence, or any attempts to ascertain Defendant J.D. Florence's address for service. (*See* Doc. 39.) The motion simply states:

> Principal Life has attempted to serve Defendant Florence at his last known address. Florence no longer lives at his last known address and no forwarding address was given. Principal Life has attempted to locate Defendant Florence and despite reasonable diligence has been unable to locate a valid address or locate Defendant Florence.

(Doc. 39 at 1–2.) Plaintiff's counsel's declaration, attached to the motion, states that Plaintiff attempted to serve Defendant J.D. Florence by mail and by Federal Express at his last known address, and "[w]ithin the past 60 days . . . made attempts to locate a phone number or other address"

---

[3] The Court notes that the fact that Defendant J.D. Florence is a named defendant in the complaint is insufficient for a finding that service by publication is appropriate. *See Olvera v. Olvera*, 232 Cal.App.3d 32, 42 (1991) ("The complaint, although verified, was no substitute for the required affidavit, and the existence of a cause of action was a jurisdictional prerequisite to the issuance of the order for publication.").

4

for Defendant J.D. Florence. (Doc. 39-1 at 2.) This is insufficient. *Kott* describes the attempts that must be made—and described in a motion for service by publication:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently *must* be searched before resorting to service by publication.

45 Cal. App. 4th at 1137–38 (emphasis added). Plaintiff must set forth specific facts establishing that these efforts have been made to meet its burden to establish that service by publication is justified. *See Olvera*, 232 Cal.App.3d at 42.

**B.     Plaintiff's Motion is Denied Without Prejudice**

Because the deficiencies in Plaintiff's motion may be cured by further explanation, or by further attempts at service of Defendant J.D. Florence and/or further attempts at ascertaining Defendant J.D. Florence's address for service, the motion will be denied without prejudice.

### IV.     CONCLUSION AND ORDER

1.     Plaintiff's Motion for Permission to Serve Defendant J.D. Florence by Publication, (Doc. 39), is DENIED WITHOUT PREJUDICE.

2.     The Court SETS an initial scheduling conference for February 13, 2020, at 9:45 a.m., in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto. The parties SHALL file an updated joint scheduling report by no later than February 6, 2020.

IT IS SO ORDERED.

Dated:     **December 23, 2019**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE