# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | Case No. 1:19-cv-00147-DAD-SKO |
| Plaintiff/Stakeholder, | **ORDER GRANTING DEFENDANT RAYMOND CALLOWAY'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| vs. | (Doc. 64) |
| RAYMOND CALLOWAY, BERNICE ENGLISH, FANNIE M. BEARD, ESTHER M. LEE, ROSE MARY PORTIS, RONALD CALLOWAY, DAISY CALLOWAY, RODNEY CALLOWAY, J.D. FLORENCE, JR., and the ESTATE OF GENEVA PERKINS, | |
| Defendants/Claimants. | |
| _____ / | |

Presently before the Court is Defendant Raymond Calloway's motion to set aside the Clerk's entry of default. (Doc. 64.) On May 6, 2020, the Court ordered any opposition or statement of non-opposition to be filed by no later than May 22, 2020. (Doc. 66.) No party filed an opposition, and Plaintiff Principal Life Insurance Company and Defendants Daisy Calloway and Ronald Calloway each filed a notice of non-opposition to the motion. (Docs. 71, 72 & 76.) The motion is therefore deemed unopposed. *See* E.D. Cal. Local Rule 230(c).

For the reasons set forth below, Defendant Raymond Calloway's motion to set aside the Clerk's entry of default (Doc. 64) is GRANTED.

## I.   BACKGROUND

Plaintiff filed an interpleader complaint on February 1, 2019. (Doc. 1.) According to

Plaintiff, at issue is an annuity benefit payable under a guaranteed fixed annuity, following the death of Geneva Perkins. (*See id.*) Plaintiff asserts that it cannot determine to whom the annuity benefit is payable due to conflicting claims of the defendants. (*See id.*)

On February 6, 2019, Defendant Raymond Calloway executed a waiver of service of summons. (Doc. 10.) In signing the waiver of service, Defendant Raymond Calloway indicated his understanding that he "must file and serve an answer or a motion under Rule 12" within 60 days from the date the request for waiver of service was sent, and that if he failed to do so "a default judgment will be entered" against him. (*See id.*) Plaintiff did not file a responsive pleading with the required time period. On November 5, 2019, Plaintiff requested that the Clerk of Court enter default against Defendant Raymond Calloway (Doc. 31), which was entered on November 6, 2019 (Doc. 33).

The parties convened on the record for a scheduling conference on April 30, 2020. (*See* Doc. 63.) Defendants Raymond Calloway appeared telephonically at the conference and indicated his wish to set aside the Clerk's entry of default against him. (*See id.*) The Court directed him to file a motion to that effect by no later than May 8, 2020, which he filed on May 4, 2020 (Doc. 64) and is presently before the Court.

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55(a) provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).[1]

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of

---

[1] As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55"); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

default for good cause . . . ." The party seeking relief from the entry of default bears the burden of showing good cause to set aside the entry of default. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc*., 375 F.3d 922, 926 (9th Cir. 2004). A court considers three factors in determining whether good cause exists: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "*Mesle*") (modification in original) (quoting *Franchise Holding II, LLC*, 375 F.3d at 925–26).

Under this disjunctively-framed standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091; *Brandt v. Am. Bankers Ins. Co*., 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default even after finding one of the "good cause" factors to be true. *See, e.g., Brandt*, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need not*.") (emphasis added). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev*., 27 F.3d 357, 364 (9th Cir. 1994). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1.

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments. *See Mesle*, 615 F.3d at 1091 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); *Westchester Fire Ins. Co. v. Mendez,* 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible"). Moreover, the Ninth Circuit's "rules for determining when a default should be set aside

are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089.

With the above principles in mind, the Court proceeds to consider Defendant Raymond Calloway's request to set aside the Clerk's entry of default.

**B.     Analysis**

**1.     Culpable Conduct**

In this case the Court cannot conclude that Defendant Raymond Calloway's conduct was culpable under the standard set forth above.  Defendant Raymond Calloway clearly had both actual and constructive notice of the filing of this action, yet his motion makes clear that he engaged in conduct that led to the default based on his own (mistaken) belief regarding the "the fact that [he] had to submit an answer to the court regarding the complaint to be included in further proceedings."  (Doc. 64.)  *See Mesle*, 615 F.3d at 1092 ("[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.")  While Defendant Raymond Calloway should have followed the advisement on the waiver of service he signed—to file a responsive pleading by April 8, 2019—or at a minimum sought clarification, he promptly filed his motion to set aside default following his participation in the Court's telephonic conference and no party has opposed the motion.  In addition, Defendant Raymond Calloway is proceeding pro se and, as such, is entitled to such greater "solicitude."  *See id*. at 1089.  Accordingly, the Court finds that Defendant Raymond Calloway is not so culpable so as to justify refusing to vacate the default entered against him.

**2.     Lack of a Meritorious Defense**

Defendant Raymond Calloway does not explicitly address this point in his motion.  At a minimum, however, the present record does not affirmatively show the absence of a meritorious defense.  Indeed, the complaint alleges that at the time the subject annuity was issued, the decedent Geneva Perkins designated Defendant Raymond Calloway, her nephew, as her primary beneficiary.  (*See* Doc. 1 ¶ 14.)  As such, this factor does not counsel in favor of denying Defendant Raymond Calloway's request to set aside the default.

**3.     Prejudice**

4

"To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. Here, there is no indication that Plaintiff's ability to determine the proper beneficiary(ies) of the annuity will be hindered by the delay in setting aside the Clerk's entry of default, as no dates or deadlines have been set in this case. Moreover, the parties' lack of opposition to the motion indicates that any potential prejudice would be minimal.

### III.   CONCLUSION AND ORDER

In sum, Defendant Raymond Calloway's lack of culpability and the lack of prejudice to the parties both weigh in favor of setting aside the entry of default. Based on those factors and the general preference for resolving cases on their merits, the Court concludes that good cause exists to set aside the Clerk's entry of default against Defendant Raymond Calloway.

Accordingly, it is HEREBY ORDERED that:

1. Defendant Raymond Calloway's motion to set aside the Clerk's entry of default (Doc. 64) is GRANTED and the entry of default against him (Doc. 33)[2] is SET ASIDE;
2. Defendant Raymond Calloway SHALL respond to the complaint by no later than seven (7) days of the service of this order; and
3. To the extent not already done, Plaintiff's counsel SHALL send to Defendant Raymond Calloway copies of all pleadings, motions, and/or disclosures filed by Plaintiff in this action.

IT IS SO ORDERED.

Dated:   **May 29, 2020**                    /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] The Clerk's entry of default against Esther M. Lee (Doc. 33) remains undisturbed.

5